### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAN D. PRATHER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO. CIV-12-1006-R |
| | ) |
| REESE LANE, et al., | ) |
| | ) |
|       Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights.[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

**Plaintiff's Complaint**

Plaintiff names Reese Lane as a Defendant and states that he acted as "Jail Administrater."[2] [Doc. No. 1, p. 1]. "Payne County Correctional officers" are named as a second Defendant. *Id.* at 2. When called on by the form complaint to briefly state the background of his case, Plaintiff simply lists various topics including conditions of confinement, asbestos exposure, denial of bedding, boot camps, and the denial of clothing.

---

[1] Plaintiff has now been placed on notice in eight (8) newly filed cases in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915. *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives,* CIV-12-1369-R [Doc. No. 5].

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

*Id.*

In the first of three counts, Plaintiff references "Electronic monitoring" and states that it includes both home and prison monitoring. *Id.* at 3. His supporting facts state that Defendant Lane caused him mental difficulties during his incarceration from October 18, 2010 until August 3, 2011. *Id.* "Environmental Law" is listed in Count II; by way of supporting facts, Plaintiff makes general reference to the denial of exercise and exposure to cold. *Id.* The theme of Count III is failure to protect and the supporting facts are food topics: nutrition, poisoning, preparation, denial, and religious diets. *Id.* at 4. By way of relief, Plaintiff seeks "seven hundred billion dollars." *Id.* at 5.

Upon initial review of Plaintiff's complaint and for the reasons which follow, the undersigned recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Standard for Initial Screening**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**Analysis**

The foregoing review of Plaintiff's complaint in light of the standards on initial screening plainly reveals that Plaintiff has failed to plead sufficient facts to state a plausible claim for relief. *See Twombly,* 550 U.S. at 570. He has wholly failed to plead any *facts* alleging a constitutional violation against him by any possible defendant and, thus, dismissal for failure to state a claim upon which relief can be granted is recommended. Rather, he simply lists topics and makes vague and conclusory claims. Dismissal is likewise warranted and recommended on the ground that Plaintiff's complaint is frivolous in that it lacks any arguable legal basis. *See Hall,* 935 F.2d at 1108.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed without prejudice for failure to comply with a court order and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by January 17, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 28th day of December, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE